[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 16, 1992, the plaintiff, Peter J. Calcagno, filed a one count complaint in strict liability against the defendants, Harbor Village Limited Partners (Harbor Village), Greenwich Harbor Club (Harbor Club) and AAA Interstate Explosives, Inc. (AAA). On March 8, 1993, the court granted a motion substituting the Atlantic Mutual Companies (Atlantic) for the plaintiff as the real party in interest. Atlantic filed a revised complaint on March 17, 1993. The facts as alleged in the revised complaint are as follows. Atlantic issued a homeowners policy to Calcagno who owned a residence on River Road in Greenwich. AAA was hired by Harbor Village to blast at the Harbor Club which is also located on River Road. During the course of the blasting the Calcagno's residence suffered damage.
AAA has now filed a motion (#118) for summary judgment, along with a deposition and documentary evidence. Atlantic has filed opposition to AAA's motion for summary judgment along with documentary and deposition evidence.
Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter CT Page 12388 of law." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party I would be entitled to a directed verdict on the same facts.'" Id.
AAA maintains that the plaintiff's action is barred by the statute of limitations under General Statutes § 52-577 which provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." AAA argues that Calcagno had knowledge of his damages in late summer of 1989, as is shown by a letter written to the Harbor Club during which time AAA was blasting, but neglected to file suit until October 9, 1992, which exceeds the applicable statute of limitations. The plaintiff maintains that the blasting was concluded between July of 1989 and January of 1990, and therefore it is a question of fact as to when the damage occurred.
In actions alleging strict liability the Connecticut Supreme Court has held that "[w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." Kelemen v. RimrockCorp., 207 Conn. 599, 608, 542 A.2d 720 (1988); see alsoBeckenstein v. Potter Carrier. Inc., 191 Conn. 150, 161,464 A.2d 18 (1983); Handler v. Remington Arms Co., 144 Conn. 316, 321,130 A.2d 793 (1957).
AAA has presented applications to use explosives which date from July 24, 1989, until October 27, 1989. The plaintiff has produced reports from Northeast Seismic Consultants which show blasting occurring between October 9, 1989, through January 24, 1990. Continuous blasting which results in property damage is a continuing course of conduct. Moreover, AAA's argument that Calcagno had knowledge of damage in the late summer of 1989 is not relevant as § 52-577 contemplates the statute running from the time of an act and not knowledge of damage. Evidence has been presented that the act complained of occurred over a period extending from the summer of 1989 until January of 1990. Therefore, this evidence raises a question of fact as to when the act complained of occurred, and accordingly AAA's motion for summary judgment is CT Page 12389 denied.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of December, 1994.
WILLIAM BURKE LEWIS, JUDGE